

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILYA AZARYEV<br><br>*PLAINTIFF,*<br><br>vs.<br><br>THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, NEW YORK CITY DEPARTMENT OF CORRECTION AND DOE #1-5<br><br>*DEFENDANTS* | Case No. CV 21-3909<br>KUNTZ, J.<br><br>VERIFIED COMPLAINT AND JURY TRIAL DEMAND   BLOOM, M.J. |



Comes Now **ILYA AZARYEV** (Proceeding *Pro se,* hereafter Plaintiff) who files this verified Complaint for Declaratory and Injunctive Relief against Defendants; **THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, DEPARTMENT OF CORRECTION,** and states as follows:

## INTRODUCTION

1. This is a civil rights action brought by Plaintiff ILYA AZARYEV to seek relief for the Defendants' violations of his rights secured by the Civil Rights Act of and 1871, 42 U.S.C. § 1983 and the rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the rights secured under the Constitution of the State of New York, Article I, Sections II and 12 and the common law of the State of New York.

2. The claims arise from a September 8, 2019 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and

willfully subjected plaintiff to, inter alia, false arrest, illegal search and seizure, and unlawful detention beyond legally permissible time.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to :2'8 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

## VENUE

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendants are located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. This Court also should not require Plaintiff to exhaust his administrative remedies. First, the Supreme Court has recognized that courts should not require exhaustion where there is an unreasonable or indefinite time-frame for administrative action.

7. Exhaustion is thus not appropriate where plaintiff "may suffer irreparable harm if unable to secure immediate judicial consideration of his claim." Id. at 147.

8. Second, exhaustion is not required where the Plaintiff challenges the constitutionality of the agency procedure itself, "such that the question of the adequacy of the administrative remedy is for all practical purposes identical with the merits of the plaintiff's lawsuit." McCarthy, 503 U.S. at 148 (internal brackets omitted).

## PARTIES

9. Plaintiff ILYA AZARYEV a citizen of the United States and a resident of New York, & the plaintiff's principal office's are located in 710 Avenue S Suite A6 Brooklyn New York 11223.

10. Defendant City of New York is a municipal corporation duly incorporated and authorized under the laws of the State of New York pursuant to § 431 of its Charter. The City of New York is authorized under the laws of the state of New York to maintain a police department, the New York Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers

11. The New York City Department of Correction (NYCDOC) is the branch of the municipal government of New York City responsible for the custody, control, and care of New York City's imprisoned population.

12. All other individual defendants ("the officers"), including John Doe #1-2, individuals whose names are currently unknown to plaintiff, are employees of the NYPD.

## NOTICE OF CLAIM

13. Within 90 days of the incident, plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On September 6th 2019, Plaintiff called 911 to report a grand larceny in his place of business in AE Security & Recovery LLC at 710 Avenue S Ste A6 Brooklyn NY. AE

Security & Recovery LLC DBA ADDAM BUSINESS CONSULTANTS, LLC is founded by Plaintiff and provides assistance and offer quick bail bond service.

15. On September 8, 2019, Officers of Defendant New York City Police Department arrived at Plaintiff's office and thereafter unlawfully seize plaintiff's bail bondsman shields.

16. Defendant NYPD found a badge with plaintiff and the LT of the 61 Command in Brooklyn New York of the NYPD walk into Plaintiff's office and says yes that's him and plaintiff was unlawfully arrested placed in cuffs without probable cause.

17. Officers of the New York Police Department alleged that they have a warrant and that Plaintiff match the description of a man who 2 months prior allegedly robbed a man who is a drug dealer according his affidavit in the complaint, and stated the man described is wanted for impersonating police officer during the commission of a robbery. The police officer alleged that plaintiff fits in the description.

18. The NYPD locked Plaintiff in a holding cell and transported plaintiff to the Internal Affairs Bureau (IAB) which was set up as a unit within the NYPD that investigates serious police misconduct as well as police corruption.  Upon interrogation, the Internal Affairs Bureau (IAB) found out that plaintiff was not a Police officer which devest them of jurisdiction.

19. Plaintiff was taking to court under handcuff without indictment and on the 2nd day in Central Booking the NYPD Impersonation unit came to visit Plaintiff while plaintiff was detained in front of his face, defendant NYPD took IAB arrest papers and stamped VOID on them, for the purpose of voiding the arrest to re-arresting Plaintiff.

20. Defendant NYPD re-arrested Plaintiff while plaintiff was already detained and in lock up facility for two days without arraignment in violation of Plaintiff's Constitutional Rights for Due Process and right to council. Plaintiff was interrogated in a holding cell.

21. When plaintiff had reached the maximum 72-hour hold detention, defendant NYPD attempted to arraigned plaintiff. However, the judge heard the first arrest which is the voided case by IAB and issued a bail of 10k for a void arrest carried out by IAB. Plaintiff was never arraigned for the second arrest by the NYPD and was unlawfully detained at Brooklyn house detention facility. Plaintiff was being detained pretrial – in other words, plaintiff was awaiting trial and still legally innocent.

22. Defendant department of correction employees allegedly responsible for continued incarceration of plaintiff.

23. Plaintiff spent the next 28 days in lock up in the facility of the department of Correction.

24. On the 6th day of grand jury proceedings, Plaintiff's Co-defendant (Mr. Maxim Minovsky) whom NYPD alleged was part of the Robbery, was in the same prison unit because he was picked up by the NYPD impersonation unit and Plaintiff by IAB.

25. Also, in their system it did not seem plaintiff were co-defendants with Mr. Maxim Minovsky which causes grounds for mistrial due to inability to plot against the state or people devising plans to turn state for gain.

26. Plaintiff was not appointed counsel but his co-defendant was appointed counsel to represent him, nor did Plaintiff waived his right to partake in a grand jury.

27. The indictment (charge) was dismissed on May 13, 2021, for infringement of Plaintiff's Right to a Speedy Trial which is the main component of a Just and fair trial. It is the Fundamental Right of the Accused to be tried expeditiously without any inordinate delays on part of the Prosecution.

28. At all times during the events described above, the defendants were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers

assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

29. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

30. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of their person;

b. Violation of his right to Due Process of Law to speedy trial under the Fourteenth Amendments to the United Stated Constitution; wrongful and unlawful detention.

c. Violation of their New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of their New York State Constitutional rights under Article 1, Section 6 to due process;

e. Physical pain and suffering;

f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g. Loss of liberty

## FIRST CLAIM FOR RELIEF

## 42 U.S.C. § 1983 CONSTITUTIONAL DUE PROCESS

### (Against defendants NYPD and Correctional Service)

31. Plaintiff repeats and re-allege by reference paragraphs 1 through above as if fully set forth herein.

32. The incidents which Plaintiff was arrested occurred on September, 8 2019, while plaintiff is awaiting arraignment and was incarcerated for more than 30 days which violates the plaintiff's constitutional rights to a fast and speedy trial Title I of the Speedy Trial Act of 1974, 88 Stat. 2080 as amended August 2, 1979, 93 Stat. 328, is set forth in 18 U.S.C. §§ 3161-3174.

33. The Act establishes tune limits for completing the various stages of a federal criminal prosecution. The information or indictment must be filed within 30 days from the date of arrest or service of the summons. 18 U.S.C. § 3161(b). Trial must commence within 70 days from the date the information or indictment was filed.

34. The practices of the NYPD, and the Correctional service department caused plaintiff to be detained for unreasonably long periods of time while awaiting release.

35. Plaintiff believed that detentions of more than 72 hours would be presumptively unreasonable.

36. The acts of the individual Defendants, under color of state law, in arresting Plaintiff without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth

Amendments of the United States Constitution. Through these actions, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

37. As a consequence of the individual Defendants' actions, Plaintiff has suffered violations of their due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that they will, again, be subject to similar unlawful acts by Defendants.

38. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 AND FOURTH AND FOURTEENTH AMENDMENTS
### (Against all Defendants)

39. Plaintiff repeats and re-allege by reference paragraphs 1 through above as if fully set forth herein.

40. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

41. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment

## THIRD CLAIM FOR RELIEF

## EXCESSIVE FORCE 42 U.S.C. § 1983 AND FOURTH AND FOURTEENTH AMENDMENTS

### (By Plaintiff Against all Defendants)

42. Plaintiff repeats and re-allege by reference paragraphs 1 through above as if fully set forth herein.

43. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

44. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION, 42 U.S.C. § 1983 AND FOURTH AND FOURTEENTH AMENDMENTS
### (By Plaintiff Against Defendants)

45. Plaintiff repeats and re-allege by reference paragraphs 1 through above as if fully set forth herein.

46. By their conduct, as described herein, and acting under color of state law, Defendants are liable to each Plaintiff under 42 U.S.C. § 1983 for the violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiffs of their constitutional rights. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet Defendants continued with the prosecutions, which charges were dismissed and were resolved in Plaintiff's favor.

48. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment

**FIFTH CLAIM FOR RELIEF**
**DEPRIVATION OF LIBERTY UNDER 42 U.S.C. § 1983 AND FIFTH AND FOURTEENTH AMENDMENTS**
(Against all Defendants)

49. Plaintiff repeats and re-allege by reference paragraphs 1 through 66 as if fully set forth herein.

50. By their conduct, as described herein, Defendants are liable to each plaintiff under 42 U.S.C. § 1983 for the violation, under color of state law, of the constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

51. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## SIXTH CLAIM FOR RELIEF (Monell Claim)
## (Against Defendant City of New York)

52. Plaintiff repeats and re-allege by reference paragraphs 1 through above as if fully set forth herein.

53. At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiffs' constitutional rights which caused the violation of such rights.

54. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

55. The constitutional abuses and violations by Defendant City of New York, through the actions of its Police Department and all named Defendants, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its

officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by the City of New York.

56. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and! or custom of unlawfully interfering with and! or arresting, without reasonable suspicion or probable cause.

57. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

58. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

59. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and! or customs which have directly and proximately caused such constitutional abuses.

**WHEREFORE**, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

    A.    Compensatory damages in the amount of $250,000 against each defendant, jointly and severally

B. Awarding plaintiff's punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff' reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

## VERIFICATION

I **ILYA AZARYEV**, the Plaintiff in the above complaint verified that the statement contained in this Complaint are true to the best of my knowledge. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

I declare (or certify) under penalty of perjury that the foregoing is true and correct.

Respectively submitted this ___13___ day of _____JULY_____ 2021

**ILYA AZARYEV**
Pro'Se Litigant

ADDAM LAW FIRM LLP
710 AVENUE S SUITE A6
BROOKLYN NEW YORK 11223
718.714.8202 |
Subpoena@Addamlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify on the ___13___ day of __JULY__, 2021, that a true and correct copy of the foregoing **Complaint** were served on the defendants by placing a copy in the United States Postal Service, with postage prepaid, addressed upon the following:

Serviced To:

**NEW YORK CITY CORPORATION COUNSEL OFFICE**

100 CHURCH STREET 4TH FLOOR

NEW YORK NEW YORK 10007

To:

**NEW YORK CITY POLICE DEPARTMENT**

1 POLICE PLAZA

NEW YORK, NEW YORK 10038

To:

**NEW YORK CITY DEPARTMENT OF CORRECTIONS**

75-20 ASTORIA BLVD

EAST ELMHURST, NEW YORK 11370


RECEIVED JUL 13 2021 PRO SE OFFICE

**ILYA AZARYEV**

Pro'Se Litigant

**ADDAM LAW FIRM LLP**

710 AVENUE S SUITE A6

BROOKLYN NEW YORK 11223

718.714.8202 | Subpoena@Addamlawfirm.com



| | |
|---|---|
| Address: | 16 COURT ST<br>BROOKLYN<br>NY 11241 |
| Location: | EGXK |
| Device ID: | -BTC02 |
| Transaction: | 940306354901 |

**FedEx Express Saver**
281410008572      0.25 lb (S)          8.90
    Declared Value   0
Recipient Address:
    NYC Coporation Counsel Office
    100 Church St
    4th Floor
    New York, NY 10007
    0000000000

Scheduled Delivery Date 07/16/2021

Pricing option:
    ONE RATE

Package Information:
    FedEx Envelope

---

**FedEx Express Saver**
281410095160      0.25 lb (S)          8.90
    Declared Value   0
Recipient Address:
    New York City Police Departmen
    1 POLICE PLZ
    NEW YORK, NY 10038-1403
    0000000000

Scheduled Delivery Date 07/16/2021

Pricing option:
    ONE RATE

Package Information:
    FedEx Envelope

|  |  |
|---|---|
| Shipment subtotal: | $17.80 |
| **Total Due:** | **$17.80** |
| Cash: | $20.00 |
| Change Due: | $2.20 |