UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ILYA AZARYEV,                                            :
                                                        :
                                    Plaintiff,          :        **MEMORANDUM & ORDER**
                                                        :        21-CV-3909 (WFK)(LB)
            v.                                          :
                                                        :
THE CITY OF NEW YORK; NEW YORK CITY                     :
POLICE DEPARTMENT; NEW YORK CITY                        :
DEPARTMENT OF CORRECTION; DOE 1-5,                      :
                                                        :
                                    Defendants.         :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 13, 2021, *pro se* Plaintiff, Ilya Azaryev, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of New York, the New York City Police Department ("NYPD"), the New York City Department of Correction ("DOC") and unidentified NYPD officers concerning his September 8, 2019 arrest. Plaintiff's request to proceed *in forma pauperis* submitted on July 31, 2021 is GRANTED pursuant to 28 U.S.C. § 1915. As set forth below, the complaint is DISMISSED but Plaintiff is afforded thirty days to file an amended complaint that sets forth a plausible §1983 claim against the individual police officers.

## BACKGROUND

The Court assumes the truth of the allegations in the complaint for the purpose of this Memorandum and Order. Plaintiff alleges that on September 8, 2019, NYPD officers arrested him "without probable cause" at his "quick bail bond service" business, AE Security & Recovery in Brooklyn, New York pursuant to an "alleged" warrant for robbery and seized his bail bondsmen shields. ECF No. 1 at 3-4. Plaintiff alleges that he was detained "for more than 30

1

days" in the DOC in violation of his right to a speedy trial and that the unspecified charge was

dismissed on May 13, 2021.  *Id.* at 5, 7.  He alleges that the Internal Affairs Bureau investigation,

subsequent to his arrest, was divested of jurisdiction when it learned Plaintiff is not a police

officer.  *Id.* at 4.  He seeks damages[1] for violations of his rights under the Fourth, Fifth and

Fourteenth Amendments to the United States Constitution and his rights under New York

common law and Article I of the New York Constitution.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."

The Court construes plaintiff's *pro se* pleadings liberally particularly because they allege

civil rights violations.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed*

*Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).  Courts must read *pro se* complaints with

"special solicitude" and interpret them to raise the "strongest arguments that they suggest,"

*Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation

marks omitted).  However, a complaint must plead enough facts to state a claim to relief that is

plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citation omitted).  Although "detailed factual allegations" are not required, "[a]

---

[1] Plaintiff mentions declaratory and injunctive relief in the first sentence of the complaint, ECF No. 1 at 1, but thereafter only asks for damages.  *Id.* at 12, 13.

2

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly,* 555 U.S. at 555.  Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 555 U.S. at 557).

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983.  "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (citing 42 U.S.C. § 1983).  "Thus, to state a claim under Section 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was 'committed by a person acting under the color of state law.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 321 (E.D.N.Y. 2015) (Bianco, J.) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).  Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke,* 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

## DISCUSSION

### I. Attorney Acting Pro Se

Plaintiff's submissions to the Court contain information suggesting he is an attorney. Plaintiff states that he is proceeding "pro se" and there are several indicia that he is an attorney or affiliated with Addam Law Firm LLP.  *See* Compl., ECF No 1 at 13, 14 (identifying Plaintiff as Ilya Alzaryev, Pro Se Litigant, of Addam Law Firm, LLPP and containing notary stamp

identifying "Ilya Azaryev, Esq." and listing Plaintiff's email address as Subpoena@addamlawfim.com); IFP Application at 3, 4 ECF No. 4 (containing notary stamp identifying "Ilya Azaryev, Esq.").  However, Addam Law Firm LLP is not mentioned in the body of the complaint and Plaintiff does not state that he is a lawyer.  If Plaintiff is a licensed attorney, he may proceed *pro se*, but he is not entitled to the special solicitude given to *pro se* litigants.  *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *Johnson v. MediSys Health Network*, 10-CV-1596, 2013 WL 1334420, at *1 n.1 (E.D.N.Y. Mar. 29, 2013) (Korman, J.) ("Although Johnson proceeds *pro se*, she is an attorney.  Thus, she is not entitled to have her pleadings read with the degree of liberality given to non-attorney *pro se* plaintiffs.").  The reason courts afford special solicitude to pro se litigants is because they "generally lack legal training and experience."  *Tracy*, 623 F.3d at 103.  Those concerns are not animated here if Plaintiff is a lawyer.

### III. Section 1983 Claims

As currently stated, none of the defendants are proper parties to this lawsuit.

#### A.  City of New York

Plaintiff has not alleged that his injuries resulted from a municipal policy or custom necessary to section 1983 municipal liability.  A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  "[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury."  *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) (citation and internal quotation

marks omitted)).  Proof of a single incident of unconstitutional activity is not sufficient to impose

liability on a municipality unless proof of the incident includes proof that it was caused by an

existing, unconstitutional municipal policy that can be attributed to a municipal policymaker.

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).  An "official policy" may be

implemented through a "policy statement, ordinance, regulation, or decision" that is officially

promulgated by a municipality's policy makers, or "pursuant to governmental 'custom.'"

*Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690-

91).  A municipality may not be held liable under § 1983 solely on a *respondeat superior* theory.

*Brown v. City of New York*, 201 F. Supp. 3d 328, 332 (E.D.N.Y. 2016) (Glasser, J.) (quoting

*Missel v. Cnty. of Monroe*, 351 Fed. Appx. 543, 545 (2d Cir. 2009).  The New York City Charter

provides that suits against City agencies must be brought against the City of New York.  *See*

N.Y. City Charter § 396.

　　　Plaintiff has not met his burden here.  Plaintiff fails to allege any facts to demonstrate that

the City maintains a policy or practice which led to the deprivation of his rights.  *See Wilson v.

City of New York,* No. 18-CV-7301, 2020 WL 5709200, at *7 (E.D.N.Y. Sept. 24, 2020)

(Donnelly, J.) (municipal liability claim dismissed where "the plaintiff has not alleged any facts

to support an inference that the City has a custom or practice of tolerating police misconduct or

of suppressing claims against police officers."); *Treadwell v. Cty. of Putnam,* No. 14-CV-10137,

2016 WL 1268279, at *4 (S.D.N.Y. Mar. 30, 2016) (Karas, J.) (holding that the plaintiff "failed

to sufficiently state a *Monell* claim" where the complaint lacked "any specific allegations that

could lead to the inference that an official [municipal] policy, practice, or custom caused

Plaintiff's alleged constitutional injuries," but instead merely "detail[ed] an isolated series of

incidents").

Therefore, Plaintiff's constitutional claims against the City are not plausible and are DISMISSED for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      New York City Police Department and New York City Department of Correction**

Plaintiff also names the NYPD and the DOC as defendants.  Both the NYPD and the DOC are non-suable agencies of the City.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except were otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir. 2007); *Araujo v. City of New York*, No. 08-CV-3715, 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010) (Matsumoto, J.)*; Cuadrado v. New York City Dep't of Correction*, 08-CV-3026, 2009 WL 1033268, at *1 (S.D.N.Y. Apr. 16, 2009) (Crotty, J.) ("New York City agencies, including the DOC, are not suable entities.").  Therefore, the § 1983 claims against the NYPD and the DOC are DISMISSED for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Doe Defendants**

Plaintiff also names "Does 1-5" and identifies them as "individuals who are currently unknown to plaintiff, are employees of the NYPD."  ECF No. 1 at 1 (caption), 3 (listing of parties).  However, the complaint does not connect any factual allegations to any unidentified individual defendant.  His sole mention of an individual officer is of "LT of the 61 Command" as the officer who identified him at the time of his arrest, *id.* at 4, but there are no factual allegations

6

as to "LT" or any individual officer's direct or personal involvement in the actions that are alleged to have caused the deprivation of the plaintiff's constitutional rights. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016). Instead, the complaint simply repeatedly states that "Defendants" are liable for constitutional violations. The absence of allegations against any individual officers and the lack of personal involvement is fatal to his claims against the John Does. Thus, the Section 1983 claim asserted against John Doe Defendants is not plausible and is DISMISSED without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); *Farid v. Ellen*, 593 F.3d at 249; *Farrell v. Burke*, 449 F.3d at 484; *Ashcroft v. Iqbal*, 556 U.S. at 676.

**D.      30 Days to Name Defendants and Allege Their Personal Involvement**

Although all of the defendants have been dismissed, in light of Plaintiff's *pro se* status, *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should afforded opportunity to amend complaint prior to dismissal), Plaintiff is afforded thirty days to amend his complaint in order to name proper defendant(s) (individual police officers who are responsible for the alleged deprivation of his constitutional rights) and give them notice of the claims against them as required by Fed. R. Civ. P. 8 (a)(2) (a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."). *See* Fed R. Civ. P. 15(a); *see e.g., Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated.") (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). As stated above, a plaintiff "must demonstrate [each] defendant's direct or personal involvement" in the actions that are alleged to have caused the deprivation of

7

the plaintiff's constitutional rights. *Victory v. Pataki*, 814 F.3d at 67 (2d Cir. 2016) (citing *Farrell v. Burke*, 449 F.3d at 484); *Holmes v. Kelly*, No. 13-CV-3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014) (same).  There must also be an allegation of "a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Andino v. Fischer*, 698 F. Supp. 2d 362, 381 (E.D.N.Y. 2010) (Marrero, J.).

To the extent Plaintiff may seek to pursue a §1983 claim against individual actors for a violation of his constitutional rights, he is granted leave to file an amended complaint.  If Plaintiff files an amended complaint, he must specify what claims he brings against each named defendant, plead sufficient facts in support of those claims against each officer, and plead the specific injuries that he suffered due to the acts or omissions of each defendant.  If Plaintiff cannot identify the defendant(s) by name, he may set forth the allegations against that person and designate them as Jane Doe or John Doe, providing any identifying information available to him.

## CONCLUSION

Plaintiff's § 1983 complaint is DISMISSED for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915 (e)(2)(b)(ii).

In light of plaintiff's *pro se* status, however, Plaintiff is granted thirty (30) days to amend his complaint.  Should Plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order (21-CV-3909).  Plaintiff's amended complaint must comply with the court's conditions for amendment, as set forth above.  Plaintiff is advised that any amended complaint he files will completely replace the original complaint, so Plaintiff should include in it any facts or claims that he wishes to pursue against proper defendants.

8

No summonses shall issue at this time and all further proceedings will be stayed for thirty (30) days.  If Plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  A copy of this Order shall be mailed to Plaintiff and its mailing reflected on the Court's docket.

**SO ORDERED.**

**s/ WFK**
_____
HON. WILLIAM F. KUNTZ, II
U.S. DISTRICT JUDGE

Dated:  August 27, 2021
　　　　Brooklyn, New York

9